Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IMMIGRATION LAW OFFICE OF LOS ANGELES, P.C., and MICHAEL EDWARD PISTON<br><br>　　Plaintiffs<br><br>-against-<br><br>U.S. SMALL BUSINESS ADMINISTRATION, THE UNITED STATES  SOCIAL SECURITY ADMINISTRATION, and UNITED STATES DEPARTMENT OF THE TREASURY,<br><br>　　Defendants | **Case No.**<br><br>**COMPLAINT** |

### INTRODUCTION

1.  This is an action by the plaintiffs seeking a declaratory judgment against the

    defendants that Michael Edward Piston, both a plaintiff and plaintiff

Immigration Law Office of Los Angeles, P.C. (ILOLA)'s counsel herein, is not dead.

2. Plaintiffs also seek a declaratory judgment against the defendant United States Department of the Treasury (the Treasury), that the identity of Michael Edward Piston should not be in its Do Not Pay database, inasmuch as the sole apparent reason for its presence there is his purported deceased state.

3. Finally, plaintiff ILOLA also seeks an order compelling SBA to decide its loan modification request as soon as reasonably possible upon resolution of the deceased (or, hopefully, non-deceased) state of plaintiffs' counsel.

## DESCRIPTION OF PARTIES

4. ILOLA is a California professional corporation engaged solely in the practice of U.S. Immigration and Nationality law. It resides in the state of California.

5. Michael Edward Piston is the President of, and a 50% shareholder in, ILOLA, as well as a member of the State Bar of Michigan and of the bar of this Court.

6. Michael Edward Piston resides in the City of Troy, County of Oakland, State of Michigan, and is assuredly not deceased.

7. The defendant SBA is an agency of the United States with authority under 15 U.S.C. § 636(b) to make disaster loans authorized by that section to ameliorate

the effects of the Covid 19 pandemic upon U.S. businesses. It resides in the

District of Columbia.

8. The defendant United States Social Security Administration (SSA) is an agency

of the United States which maintains a  Death Master File Match containing the

identities of individuals it considers deceased, used by SBA and/or the U.S.

Department of Treasury in determining whether funds should be disbursed to

certain individuals and/or their businesses.

9. The  U.S. Department of Treasury (the Treasury) is an agency of the United

States. It maintains a Do Not Pay database which contains the identities of

individuals who should not be disbursed U.S. government funds because,

among other things, they are considered deceased. SBA apparently consults this

database in determining whether it should grant loans or loan modifications to

certain U.S. businesses. The Treasury resides in the District of Columbia.


JURISDICTION


10. This being an action arising under the Administrative Procedure Act, 5 U.S.C. §

551 et seq, and the Declaratory Judgment Act, 28 U.S.C. § 2201, and the

Mandamus Act, 28 U.S.C. § 1361, all laws of the United States, original

jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.


BACKGROUND


11. As a result of the COVID-19 virus, the United States is under economic

distress. From the most recent peak in the fourth quarter of 2019, the United

States experienced two consecutive quarters of declines in GDP; it even

recorded its steepest quarterly drop in economic output on record, a decrease of

9.1 percent in the second quarter of 2020 (Bureau of Economic Analysis

2020a).


12. To put this contraction into historical context, quarterly GDP had never

experienced a drop greater than 3 percent (at a quarterly, nonannualized rate)

since record keeping began in 1947.


13. 15 U.S.C. § 636 provides in relevant part:

b) Disaster loans; authorization, scope, terms and conditions, etc. Except as
to agricultural enterprises as defined in section 18(b)(1) of this Act [15
USCS § 647(b)(1)], the Administration also is empowered to the extent and
in such amounts as provided in advance in appropriation Acts—

…
(2) to make such loans (either directly or in cooperation with banks or other lending institutions through agreements to participate on an immediate or deferred (guaranteed) basis) as the Administration may determine to be necessary or appropriate to any small business concern, private nonprofit organization, or small agricultural cooperative located in an area affected by a disaster[,] (including drought), with respect to both farm-related and nonfarm-related small business concerns, if the Administration determines that the concern, the organization, or the cooperative has suffered a substantial economic injury as a result of such disaster and if such disaster constitutes—
(A) a major disaster, as determined by the President under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5121 et seq.); …

14. On March 13, 2020, Donald J. Trump, then President of the United States, declared a nationwide emergency pursuant to Sec. 501(6) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207.

15. As a consequence, SBA announced that small business owners, including agricultural businesses, and nonprofit organizations in all U.S. states, Washington D.C., and territories can apply for the "COVID-19 Economic Injury Disaster Loan (EIDL)."

16. Following the submission of Application #3601090499 on February 8, 2021, the Immigration Law Office of Los Angeles, P.C., (ILOLA) received a Covid EIDL SBA Loan #5567368400 for the amount of $150,000 from SBA. Exhibit A at 5-23.

17. Thereafter, ILOLA requested a loan modification increasing the loan amount an additional $150,000, which was denied on July 21, 2021, for technical reasons unrelated to Michael Edward Piston. Exhibit A at 3-4.

18. When Linda Lee, the Vice President and 50% shareholder of ILOLA, called the SBA to discuss overcoming the denial, she was informed by its representative of an additional issue – Michael Edward Piston, ILOLA's President and 50% shareholder - was considered by the SBA to be deceased, based upon information which it received from the United States Social Security Administration (SSA). Exhibit B.

19. An SBA representative indicated that the problem could be overcome if SSA issued a statement confirming that Michael Edward Piston was not dead. *Id.*

20. Linda Lee so notified Michael Edward Piston, and he promptly obtained a statement from the SSA confirming that it did not consider him dead. Exhibit A at 28-29, Exhibits B & C.

21. Linda Lee then submitted this document to SBA, together with evidence overcoming the other reasons for the denial, on July 29, 2021,  in support of ILOLA's request for reconsideration of the loan modification denial, and did not hear further from SBA on this issue prior to November 2, 2021. Exhibit A at 26-27, Exhibit B.

22. Rather, for over three months, the SBA repeatedly (and generally repetitiously) raised technical issues regarding the documents which Ms. Lee provided it in support of ILOLA's reconsideration request, to which Ms. Lee repeatedly responded. Exhibit B.

23. On September 9, 2021,  SBA Administrator Isabella Casillas Guzman announced major enhancements to the COVID  EIDL program by, among other things, increasing the borrowing limit to $2 million.

https://www.sba.gov/sites/default/files/2021-09/COVID-EIDL-FAQs-090821-508.pdf.

24. Interestingly, the SBA appeared to assume that the COVID EIDL funds would quickly disappear once it began approving up to $2 million loans, and so provided businesses seeking loans of up to $500,000 a one month exclusive window, starting September 9, to apply for those loans, before applications for larger amounts would be considered. *Id.*

25. Accordingly, ILOLA applied to modify its loan to increase  it an additional $250,000, for a total loan amount of $400,000.

26. However, on November 2, 2021, ILOLA received the following email message from SBA:

> Dear SBA Applicant,
>
> Application Number 3601090499

We have reviewed your request for reconsideration for an EIDL loan increase. At this time, we are unable to complete the evaluation of your request until the following information is provided:

- The name of the borrower or one of the owners of the business has matched against the name of an individual or entity on the US Treasury Do Not Pay database as described below. Please provide documentation or explanation to overcome the issue.
- **Social Security Death Master File Match:** Death Master File - DMF, Match Date, Matched Party, Matched Party Type.
-
- Inquiries or data disputes should be conducted via the payee's local Social Security office. To find the correct local office, call the U.S. Social Security Administration at: (800) 772-1213 or visit: https://secure.ssa.gov/ICON/main.jsp

The requested information can be attached to this email and returned to CovidEIDLIncreaseRequests@sba.gov.

Exhibit A at 1-2.

27. When Linda Lee called SBA regarding this email,  she was informed that the loan modification could not proceed because Michael Edward Piston was still considered dead, despite the fact that SBA had been provided with the foregoing letter from SSA.

28. Linda Lee was informed that Michael Edward Piston should contact the Treasury at 1-888-826-3127. Exhibit B.

29. However, when Michael Edward Piston called 1-888-826-3127 on November 18, 2021, he was informed by the Treasury representative he spoke to that he

had reached an office concerned solely with collecting debts owed to the Treasury, and it could not provide him with any assistance with verifying to the SBA that he was in fact alive. Exhibit C.

30. The average SBA decision timeline for $500,000 or under loans is several weeks. https://www.sba.gov/funding-programs/loans/covid-19-relief-options/eidl/covid-19-eidl.

31. The SBA has not raised any objection to ILOLA's October 18, 2021 request of an additional loan (loan modification) of $250,000, except to claim that Michael Edward Piston was dead.

32. Therefore, were it not for the SBA's claim that Michael Edward Piston is dead, it is reasonable to assume that ILOLA's loan modification would already be granted.

33. Certainly it would at least be finally decided.

34. Nevertheless, it is apparent that no further action will be taken by the SBA on ILOLA's loan modification request because there is apparently no evidence ILOLA can provide the SBA which will convince it that Michael Edward Piston is alive.

35. SBA will make COVID EIDLs only through December 31, 2021, or when funds are exhausted, whichever occurs sooner. https://www.sba.gov/sites/default/files/2021-09/COVID-EIDL-FAQs-090821-508.pdf.

STATEMENT OF RELEVANT LAW

36. With due regard for the convenience and necessity of the parties or their

representatives and within a reasonable time, each agency shall proceed to

conclude a matter presented to it. 5 U.S.C. § 555(b).


19. To the extent necessary to decision and when presented, the reviewing court

shall decide all relevant questions of law, interpret constitutional and statutory

provisions, and determine the meaning or applicability of the terms of an agency

action. The reviewing court shall—

**(1)** compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. §

706.


37. The district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.


38. In a case of actual controversy within its jurisdiction, … any court of the United

States, upon the filing of an appropriate pleading, may declare the rights and

other legal relations of any interested party seeking such declaration, whether or

not further relief is or could be sought. Any such declaration shall have the

force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a)

CAUSES OF ACTION

COUNT I

DECLARATORY JUDGMENT THAT MICHAEL EDWARD PISTON IS
ALIVE

39. There is an actual controversy between the plaintiffs and SBA regarding
   whether Michael Edward Piston is alive.

40. There is an actual controversy between the plaintiffs and SSA regarding
   whether Michael Edward Piston is alive.

41. There is an actual controversy between the plaintiffs and the Treasury regarding
   whether Michael Edward Piston is alive.

42. Michael Edward Piston is alive.

WHEREFORE plaintiffs request that this Court declare that Michael Edward
Piston is alive, and that such declaration be given the force and effect of final
judgment or decree binding upon all parties hereto.

COUNT II

DECLARATORY JUDGMENT THAT MICHAEL EDWARD PISTON
SHOULD NOT BE IN THE TREASURY'S DO NOT PAY DATABASE

43. There is an actual controversy between the plaintiffs and the Treasury regarding whether Michael Edward Piston should be in the Treasury's Do Not Pay database.

44. Michael Edward Piston is in the Treasury's Do Not Pay database.

45. Upon information and belief, the only reason Michael Edward Piston is in this database is because the Treasury considers him deceased.

46. Michael Edward Piston is not deceased.

47. Accordingly, Michael Edward Piston should not be in the Treasury's Do Not Pay database.


WHEREFORE plaintiffs request that this Court declare that Michael Edward Piston should not be in the Treasury's Do Not Pay database and that such declaration be given the force and effect of final judgment or decree binding upon all parties hereto.

## COUNT III


## MANDAMUS

48. SBA owes a duty to ILOLA to make a decision within a reasonable time on its request for a loan modification.

49. A reasonable time in which to make a decision on ILOLA's request for a loan modification is several weeks.

50. More than several weeks have passed since ILOLA applied for a modification to its loan to increase the requested amount by $250,000 on October 18, 2021.

51. If SBA is not ordered to make an immediate decision on ILOLA's loan modification request following a resolution of plaintiffs' declaratory judgment claims, this request is likely to be mooted either by the expiration of the COVID EIDL program on December 31, 2021, or the exhaustion of the funds available for loan under that program even prior to that date.

52. In this regard it should be noted that although SBA reserved COVID EIDL funds for loans under $500,000 for 30 days after September 9, 2021, that period has since expired, and SBA is now making loans of up to $2,000,000.

53. The fact that SBA is now engaged in making loans of up to $2,000,000 suggests very strongly that the COVID EIDL loan funds may be exhausted prior to December 31, 2021 and, in fact, at any moment.

WHEREFORE this Court should order SBA to make a decision on ILOLA's request for a loan modification as soon as reasonably possible after the Court declares that Michael Edward Piston is not deceased and/or that he should not be in the Treasury's Do Not Pay database.

COUNT IV

APA Relief

54. SBA has unlawfully withheld a decision on ILOLA's loan modification because it considers Michael Edward Piston deceased and/or because he is in the U.S. Treasury's Do Not Pay database.

55. SBA has unreasonably delayed a decision on ILOLA's loan modification because it considers Michael Edward Piston deceased and/or because he is in the U.S. Treasury's Do Not Pay database.

56. If SBA is not ordered to make an immediate decision on ILOLA's loan modification request following a resolution of plaintiffs' declaratory judgment claims, ILOLA's request may be mooted either by the expiration of the COVID EIDL program on December 31, 2021, or the exhaustion of the funds available for loan under that program.

WHEREFORE this Court should order SBA to make a decision on ILOLA's request for a loan modification as soon as reasonably possible after it declares that Michael Edward Piston is not deceased and/or that he should not be in the Treasury's Do Not Pay database.

Respectfully Submitted this 22nd  day of November, 2021

/s/ *Michael E. Piston*

Michael E. Piston (P34568)
Attorney for the Plaintiff
Transnational Legal Services P.C.
1955 W. Hamlin Road, Suite 100
Rochester Hills, MI 48309
Ph: 646-876-3772
Fax: 206-770-6350
Email: michaelpiston4@gmail.com