**EXHIBIT C**

**DECLARATION OF LINDA LEE**

1. I am the Vice President, Managing Attorney and 50% shareholder of the Immigration Law Office of Los Angeles, PC (ILOLA).

2. I am also a member of the State Bar of Michigan and the State Bar of Washington. Although ILOLA is based in California, we limit our practice strictly to U.S. immigration law, which the Departments of Homeland Security and Justice authorize us to practice anywhere in the country.

3. I am the person who represented ILOLA In all its dealings with the U.S. Small Business Administration (SBA).

4. ILOLA first received a COVID EIDL loan from SBA on February 8, 2021.

5. Subsequently, I received an email from the SBA on April 7, 2021 informing me that ILOLA was eligible to apply for an increase due to SBA's policy change which previously, only allowed up to six months of economic injury for a maximum of $150,000 has been increased  up to 24 months of economic injury for a maximum amount of $500,000. Immediately, upon receipt of this email on April 7, 2021, I requested an increase.

6. Thereafter, frequently,  I called the then SBA's number 1-800-659-2955 as there was no response from the SBA. On June 9, 2021, when I called the SBA number again, this time the officer informed me that my loan request would not be considered because SBA could not verify ILOLA and to submit a new 4506-T. I stated that I had already received an initial EIDL loan of $150,0000 and that our business was verified. Also, I had not received any notice regarding SBA's inability to verify ILOLA nor a request to submit a new 4506-T. The officer informed me that in order for the loan modification to proceed within the SBA pipeline, to send another email to SBA and to submit another 4506-T which I did immediately by email on June 9, 2021.

7. On July 24, 2021, I received an SBA denial letter dated July 21, 2021, in which the request for loan modification was because because of technical issues related to 4506-T. I  called the SBA to discuss the refusal as I had already submitted a 4506-T,  I was told of an additional issue not mentioned in the letter.

8. The SBA representative told me that my partner, Michael Edward Piston, the President and 50% shareholder of ILOLA, had been reported dead by the U. S. Social Security Administration (SSA) and, therefore, no entity associated with him could receive government funds.

9. When I assured SBA that Michael was alive and well, I was told that he should obtain a statement from the SSA confirming that he wasn't dead and that should resolve the matter.

10. I informed Michael Edward Piston, and he did in fact obtain a letter from the SSA confirming that it considers him alive. I submitted this letter to the SBA together with evidence overcoming the other stated reasons for denial in support of ILOLA's reconsideration request on July 29, 2021.

11. Between July 29, 2021 and November 1, 2021, the SBA repeatedly raised technical issues regarding the document to which I provided it in support of ILOLA's reconsideration request, to which I responded repeatedly and in full. Throughout that time, SBA never repeated its claim that Michael was dead, so I assumed that the SSA letter had resolved the matter.

12. While this request for reconsideration was pending, the SBA announced a new program increasing the available loan amounts up to $2,000,000.00. Accordingly, because of the very difficult financial situation we were facing due to approximately 45% drop in revenues as a result of the Covid-19 pandemic, I submitted another request for the reconsideration to the SBA on October 18, 2021, modifying our requested loan amount to $250,000.

13. However I was both astonished and deeply frustrated when, on November 2, 2021, for the first time in over three months, the SBA sent an email and claimed that the loan could not proceed because Michael was supposedly dead.

14. I immediately called the SBA and pointed out to the person I spoke to on the phone that we had already provided it with the requested statement from the Social Security Administration confirming that Michael Edward Piston was in fact alive.

15. However, the representative told me that this was insufficient, and that this case could not proceed unless we proved Michael was alive.

16. However, she would not tell me what would be sufficient evidence, but merely that Michael should call the following number to resolve the matter with the U.S. Department of Treasury: 888-826-3127.

17. When Michael reported to me that he had called this number and they were absolutely unable to help us, I finally concluded that proceeding further with SBA on this matter was futile.


I declare under penalty of perjury that the foregoing is true and correct. Executed on November 19, 2021


Linda Lee

'